United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 01, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3127 |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Pending before this Court is a single matter self-styled as "Debtor's Motion To Strike Morris Bart, LLC's Jury Demand"[1] ("*Motion to Strike*") filed by MMA Law Firm, PLLC ("*MMA*") on October 4, 2024.

### I. JURISDICTION, VENUE AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. §1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11." An adversary proceeding falls within the court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[2] Section 157 allows a district court to "refer" all bankruptcy

---

[1] ECF No. 54.
[2] *In re Trevino*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 93 (5th Cir. 1987)).

and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3]

Furthermore, this Court may only hear a case in which venue is proper.[4] Pursuant to § 1409(a), "a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending."[5] Debtor's underlying Chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.[6]

This Court must evaluate whether it has constitutional authority to enter a final judgment or order in this case. In *Stern v. Marshall*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[7] However, *Stern* is inapplicable to the Motion Strike. *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because the Motion to Strike does not end this adversary proceeding on the merits.[8] Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[9] Therefore, this Court need not

---

[3] 28 U.S.C. § 157(a); *see also* In re Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[4] 28 U.S.C. § 1408.
[5] 28 U.S.C. § 1409(a).
[6] Bankr. ECF No. 1. "Bankr. ECF" refers to docket entries made in the Debtor's bankruptcy case, No. 24-31596.
[7] 564 U.S. 462, 503, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).
[8] *See Matter of Pickle*, 149 F.3d 1174 (5th Cir. 1998) ("[A]n order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d). Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation.")
[9] *West v. WRH Energy Partners LLC* (*In re Noram Res., Inc.*), 2011 Bankr. LEXIS 5183, at *3, 2011 WL 6936361 (Bankr. S.D. Tex. Dec. 30, 2011).

determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motion to Strike.

## II. BACKGROUND

1. On June 24, 2024, MMA initiated the instant adversary proceeding.[10]

2. On July 29, 2024, MMA filed its Amended Complaint (the "*Complaint*").[11]

3. On August 12, 2024, Morris Bart, LLC ("*Bart*") filed its "Defendant's Motion To Dismiss First Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(1), (6), And (7) And Alternative Motion To Transfer Venue Pursuant To 28 U.S.C. §§ 1404(a) And 1412"[12] ("*Motion to Dismiss*").

4. On September 9, 2024, Bart filed its "Defendant's Notice of Jury Demand."[13]

5. On October 4, 2024, MMA filed the instant Motion to Strike.[14]

6. On October 23, 2024, Bart filed its "Defendant's Response To Motion To Strike Jury Demand"[15] ("*Response*").

## III. ANALYSIS

Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9015 incorporates Federal Rule of Civil Procedure ("*Rule*") 38 regarding jury trials, "except that a demand made pursuant to Rule 38(b) . . . shall be filed in accordance with Rule 5005."[16] Under Rule 38(b)(1), "a party may demand a jury trial by serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served[,]"[17] otherwise, a party waives the right to a jury trial.[18] Generally, the answer is considered "the last pleading" under Rule 38(b) but "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for

---

[10] ECF No. 1.
[11] ECF No. 42.
[12] ECF No. 47.
[13] ECF No. 50.
[14] ECF No. 58.
[15] ECF No. 58.
[16] FED. R. BANKR. P. 9015(a) (generally requiring filing papers with the court clerk).
[17] FED. R. CIV. P. 38(b)(1).
[18] FED. R. CIV. P. 38(d)

those issues in the manner established by Rule 38(b)(1).”[19] Bart has not yet filed an answer, but it filed its Motion to Dismiss on August 12, 2024, which contained a demand for a jury trial.[20] Rule 7(a) provides an exhaustive list of pleadings, which does not include motions to dismiss and therefore, the Motion to Dismiss was not a pleading within the definitions used by the federal rules.[21] Bart thus made its jury demand prior to service of the last pleading directed to the issues giving rise to a jury trial.[22] The jury demand was therefore timely.

The right to a jury trial in an adversary proceeding does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[23] Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights.[24] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding.[25] Actions for damages or money judgments are legal in nature, and a jury right attaches.[26] A jury

---

[19] *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984).
[20] ECF No. 47.
[21] *Dowell v. Bernhardt*, No. 3:19-cv-00105, 2019 U.S. Dist. LEXIS 218303, at *12-13 (M.D. Tenn. Dec. 19, 2019) (Rule 7(a) "does not include a motion to dismiss and therefore, a motion to dismiss is not a pleading.") (citing *Winget v. JPMorgan Chase Bank, N.A*., 537 F.3d 565, 574 (6th Cir. 2008); *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 754 n.13 (M.D.N.C. 2004) ("A motion to dismiss a complaint, however, is not considered a 'last pleading' directed to an issue triable by a jury.").
[22] *Butler v. Prime Healthcare Centinela, LLC*, No. CV 19-1738 PA (SSx), 2019 U.S. Dist. LEXIS 140427, at *13-14 (C.D. Cal. May 10, 2019) ("At the time Plaintiff filed her separate jury demand, Defendant had filed two motions to dismiss but had not yet filed a responsive pleading. Plaintiff thus served the demand prior to service of the last pleading directed to the issues raised in her complaint.); *Vasquez v. Allied Waste, Inc.*, No. 4:13-CV-05608 YGR, 2014 U.S. Dist. LEXIS 38685, 2014 WL 1247417, at *1-2 (N.D. Cal. Mar. 24, 2014) ("Because the case was removed from state court before Defendant served its responsive pleading, . . . Rule 38 applies and Plaintiff could have timely demanded a jury trial up until fourteen days after 'the last pleading directed to the issue'—in this case, Defendant's answer. . . . A notice of removal is not a pleading and therefore does not trigger the Rule 38(b)(1) deadline."); *JJD Elec., LLC v. Sunpower Corp., Sys.*, No. 22-1275 (RBK/MJS), 2023 U.S. Dist. LEXIS 155096, at *14 (D.N.J. Sep. 1, 2023) ("'The 'last pleading' referred to by Rule 38 is generally the last answer filed in a case.' No answer has yet been filed in this case. Therefore, . . . Plaintiff will be permitted to add a jury demand to the complaint.").
[23] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[24] *See id.* at 53-54; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422–23 (5th Cir. 1998) (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. 636, 641–42 (Bankr. S.D. Tex. 2011).
[25] *See id.*
[26] *Dairy Queen v. Wood*, 369 U.S. 469, 476 (1962); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("awards of actual damages and profits . . . generally are thought to constitute legal relief.").

right attaches even where a case involves both equitable and legal causes of action, regardless of whether equitable claims dominate: "[i]t would make no difference if the equitable causes of action clearly outweighed the legal causes of action so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control."[27]

In its Complaint, MMA brings three causes of actions: (1) violation of the automatic stay by Bart (the "*Automatic Stay Violation Claim*"); (2) declaratory judgment pursuant to 11 U.S.C. § 541 affirming that MMA's interest in attorney fees pursuant to certain contingency fee contracts are property of the bankruptcy estate (the "*Declaratory Judgement Claim*"); and (3) turnover of such fees received by Bart, which MMA alleges are at least partly property of the estate, pursuant to § 542(a) (the "*Turnover Claim*") (collectively, the "*MMA Claims*").[28]

As to the Automatic Stay Violation Claim, "it is well established that an action to enforce the automatic stay under 11 U.S.C. § 362(a) does not give rise to a jury trial right."[29] A claim for attorney fees to enforce the automatic stay, although a monetary remedy, is equitable in nature and does not give rise to a jury trial right.[30] Therefore, there is no jury trial right for the Automatic Stay Violation Claim.

As to the Turnover Claim, "[m]ost courts agree that because a turnover action is equitable in nature and seeks an equitable remedy, there is no constitutional Seventh Amendment right to a jury trial when the turnover of estate property is sought."[31] Bart asserts that since the Turnover

---

[27] *Duncan v. First Nat'l Bank of Cartersville Ga.*, 597 F.2d 51, 56 (5th Cir. 1979).
[28] ECF No. 42.
[29] *Windstream Holdings, Inc. v. Charter Communs. Inc.* (*In re Windstream Holdings, Inc*.), Nos. 19-22312 (RDD), 19-08246, 2020 Bankr. LEXIS 708, at *13 (Bankr. S.D.N.Y. Mar. 17, 2020)
[30] *See GACP Fin. Co., LLC v. Keystone Oilfield Fabrication LLC* (*In re BJ Servs., LLC*), Nos. 20-33627, 22-3107, 2023 Bankr. LEXIS 580, at *9 (Bankr. S.D. Tex. Mar. 6, 2023) (citing *Windstream Holdings, Inc. v. Charter Commc'ns, Inc.* (*In re Windstream Holdings, Inc*.), No. 19-22312 (RDD), 2020 Bankr. LEXIS 708, 2020 WL 1304147, at *5 n.9 (Bankr. S.D.N.Y. Mar. 17, 2020)).
[31] *Tow v. Park Lake Cmtys., LP*, No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *9 (S.D. Tex. Jan. 4, 2018) (citing 5-542 COLLIER ON BANKRUPTCY P 542.01 (16th ed. 2017).

Claim seeks a monetary award, it is legal in nature.[32] However, the monetary nature of a remedy does not require a finding that an action is legal in nature.[33] "A turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing. It invokes the court's most basic equitable powers to gather and manage property of the estate."[34] Therefore, the Turnover Claim does not give rise to a jury trial right.

As to the Declaratory Judgement Claim, the Constitutional right to trial by jury cannot be made to depend upon the choice of words used in a pleading.[35] In determining whether a claim for declaratory judgment involves a demand in law or equity, the court must examine how the claim would have arisen had it not been raised in a declaratory judgment action.[36] Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues and the remedy sought.[37] The Declaratory Judgement Claim seeks a determination of the estate's interest in property, specifically the fees from contingency fee contracts, which is based on the equitable claim of a turnover action.[38]

In its Response, Bart asserts that MMA is asking this court to determine and award attorneys' fees for work done under contingent fee contracts, and that if MMA had not raised the claim in a declaratory judgement action, the claim would have been a claim for either breach of contract or quantum meruit, which are legal claims for money damages under Louisiana law and

---

[32] ECF No. 52 at 5.
[33] *Tow* No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *10.
[34] *Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009).
[35] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-79, 82 S.Ct. 894, 899-90, 8 L.Ed.2d 44 (1962).
[36] *See Wallace v. Norman Indus., Inc.*, 467 F.2d 824, 827 (5th Cir. 1972).
[37] *TXI Operations, L.P. v. Klein*, 2000 U.S. Dist. LEXIS 15958, at *2 (E.D. La. 2000).
[38] *Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009); *In re M & L Bus. Mach. Co., Inc.*, 59 F.3d 1078, 1082 (10th Cir. 1995). *Tow v. Park Lake Cmtys., LP*, No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *8 (S.D. Tex. 2018).

PLAINTIFF'S BRIEF Page - 3

the Seventh Amendment.[39] However, MMA is not bringing a breach of contract claim, nor is it asking for money damages: it is merely asking this court to determine whether MMA's interest in the fees are property of the estate.[40] While property interests are created and defined by applicable non-bankruptcy law, whether a property interest is property of the estate depends on Congress's definition of property of the estate under 11 U.S.C. § 541.[41] "The sole fact that a bankruptcy court must interpret state law in order to carry out its statutory duties is irrelevant to the right to an Article III adjudication,"[42] or whether a right to a jury trial exists.[43] Thus, the declaratory relief here sounds in equity and there is no jury trial right behind the Declaratory Judgement Claim.

Accordingly, Bart is not entitled to a jury trial.

## IV.  CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED November 1, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[39] ECF No. 50; 52 at 4; ECF No. 58.
[40] ECF No. 42 at 9–10.
[41] *Deeba v. Pinkerton & Finn, P.C.* (*In re Macco Props.*), Nos. 10-16682-R, 10-16503-R, 12-1118-R, 2015 Bankr. LEXIS 4280, at *19 (Bankr. W.D. Okla. Dec. 11, 2015)
[42] *Id.*
[43] *Reed v. Nathan*, 558 B.R. 800, 824 (E.D. Mich. 2016) (holding that a "bankruptcy litigant who has no 'right to a final judgment from an Article III judge' has no Seventh Amendment right to a jury trial").