IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | CASE NO: 24-31596 |
| | § | (Chapter 11) |
| Debtor. | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Adv. Pro. No. 24-3127 |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| Defendant. | § | |

## APPELLANT MORRIS BART, LLC'S MOTION FOR LEAVE TO APPEAL

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, MORRIS BART, LLC ("Morris Bart" or "Appellant"), and files this Appellant Morris Bart, LLC's Motion for Leave to Appeal, and would show the court as follows:

### STATEMENT OF ISSUES TO BE RULED UPON

1. The issues to be ruled upon is whether the district court should grant Morris Bart leave to appeal the bankruptcy court's interlocutory order on Defendant's Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7), and Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412 (the "Motion"). (Adv. Pro. Dkt. No. 47).

2. The district court has the discretion to grant leave to appeal an interlocutory order entered by a bankruptcy court under 28 U.S.C. § 158(a)(3), but the statute does not provide a standard for the district court to use. The Fifth Circuit has stated "[t]he decision to grant or deny

1

leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001). In *Ichinose v. Homer Nat'l. Bank*, 946 F.2d 1169, 1176 (5th Cir. 1991), the Fifth Circuit declined to state whether a district court must consider the factors under 28 U.S.C. § 1292(b), but the court noted that the "case fit squarely within [Section 1292's] borders." *Id.* The standard under section 1292(b) consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

## STANDARD OF REVIEW

3. The standard of review for a dismissal under Rule 12(b)(1) is de novo. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court should take "the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d at 557. "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011).

4. The district court reviews the bankruptcy court's denial of the motion to dismiss under Rule 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018 (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). A complaint survives a motion to dismiss only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).)

5. The district court reviews the bankruptcy court's denial of the motion to transfer venue for abuse of discretion. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008); *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004). In reviewing, the court should ask three questions: "Did the district court correctly construe and apply the relevant statutes; ... Did the district court consider the relevant factors incident to ruling upon a motion to transfer; and ... Did the district court abuse its discretion in deciding the motion to transfer." *In re Volkswagen AG,* 371 F.3d at 203. Relevant factors under 28 U.S.C. § 1404(a) include whether the proposed transfer venue is a forum in which the suit could originally have been brought, the convenience of the parties and witnesses, and the interests of justice. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d at 631.

## ARGUMENT

6. Under 28 U.S.C. § 158(a)(3), appeal of an interlocutory order entered by a bankruptcy court may be appealed to the district court with leave of the district court. A motion for leave to appeal an interlocutory order entered by a bankruptcy court must contain: (a) the facts necessary to understand the question presented; (b) the question itself; (c) the relief sought; (d) the reasons why leave to appeal should be granted; and (e) a copy of the interlocutory order or decree and any related opinion or memorandum. Fed. R. Bankr. P. 8004(a)(2) and (b).

**A. Facts Necessary to Understand the Questions Presented.**

7. This case arises from the fallout of an unprecedented tableau of misconduct by MMA Law Firm, PLLC ("MMA" or the "Appellee") in thousands of property damage cases on behalf of Louisiana homeowners against their homeowner's insurance companies resulting from Hurricanes Laura, Delta, Zeta, and Ida. MMA preyed on these vulnerable Louisiana residents

through unprofessional and unlawful advertising and solicitation. MMA used runners and unethical solicitation campaigns to trap unsuspecting homeowners as clients.

8. MMA ultimately filed over 1,600 lawsuits on behalf of Louisiana homeowners in the United States District Courts for the Eastern District, Middle District, and Western District of Louisiana. The lawsuits were generic, form complaints, with no specific information about the property owners' damage or insurance policies. MMA did not provide copies of these lawsuits to its "clients" for their review before filing, nor did they provide the "clients" copies for their records after filing. MMA often invoked appraisal under the insurance policies without the knowledge or consent of the property owners and engaged in mass negotiation with insurance companies without ever informing its "clients" of the fact or substance of these negotiations.

9. After seeing the more than 1,600 lawsuits in the two to three days on the eve of the Hurricane Laura prescriptive period, Judge James D. Cain, Jr. of the Western District of Louisiana convened a hearing with MMA lawyers to discuss his "concerns" with MMA's practice of law in the Western District. Judge Cain was not the only federal judge in Louisiana who had concerns. After numerous hearings, on March 3, 2023, MMA's lead Louisiana attorney, William Huye, was temporarily suspended from practicing law in Louisiana as a result of MMA's conduct in the hurricane suits. On March 4, 2023, MMA and its attorneys were suspended from practice in the Western District for 90 days.

10. MMA has been investigated for its conduct in the hurricane cases by the Louisiana Department of Insurance, the Louisiana State Police, and the Federal Bureau of Investigation.

11. MMA ultimately imploded and withdrew from representing its clients in the State of Louisiana. This left thousands of Louisiana homeowners without counsel and left the federal courts in Louisiana with well over 1,000 cases with *pro se* plaintiffs.

4

12. Morris Bart was engaged as counsel by approximately 1,600 clients that MMA had abandoned.

13. MMA attempted to intervene in a number of the hurricane lawsuits to assert a claim for attorney's fees under its contingency fee contracts but was denied any fees in the cases.

14. On April 9, 2024, MMA filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

15. On June 24, 2024, MMA filed its Complaint against Morris Bart in the Bankruptcy Case. (Adv. Pro. Dkt. No. 1). In its Complaint, MMA alleged one cause of action – violation of the automatic stay under 11 U.S.C. § 362(a)(3). On July 29, 2024, MMA amended its Complaint to include causes of action for declaratory judgment and turnover of property of the estate. (Adv. Pro. Dkt. No. 42). MMA seeks a declaratory judgment that it is entitled to an award of attorney's fees and costs in the hurricane cases under its contingency fee contracts and seeks turnover of those fees as property of the bankruptcy estate.

16. On August 12, 2024, Morris Bart filed its Motion. (Adv. Pro. Dkt. No. 47). On October 18, 2024, the bankruptcy court denied the Motion. (Adv. Pro. Dkt. No. 56).

**B. The Questions Morris Bart Seeks Leave to Appeal.**

17. Morris Bart seeks to appeal the bankruptcy court's denial of the motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) as incorporated by Fed. R. Bankr. P. 7012. In addition, Morris Bart seeks to appeal the bankruptcy court's denial of the motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) as incorporated by Fed. R. Bankr. P. 7012. Finally, Morris Bart seeks to appeal the bankruptcy court's denial of the motion to transfer venue of the adversary proceeding to the Eastern District of

Louisiana.

### C. The Relief Sought.

18. Morris Bart seeks a judgment reversing the bankruptcy court's order denying the motion to dismiss under Rule 12(b)(1) and 12(b)(6) and rendering a judgment of dismissal with prejudice of MMA's claims.

19. Alternatively, Morris Bart seeks a judgment reversing the bankruptcy court's order denying the motion to transfer venue and ordering the adversary proceeding transferred to the Eastern District of Louisiana.

### D. Reasons Why Leave to Appeal Should be Granted.

20. Because the basic policy of appellate jurisdiction strongly disfavors piecemeal appeals, all three of the criteria for an interlocutory appeal must be met before an order is properly certified for interlocutory appeal. *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 69 (5th Cir.1983). This appeal satisfies all three of the criteria for an interlocutory appeal.

#### i. A Controlling Issue of Law is Involved.

21. A controlling issue of law is involved in this appeal. First, the underlying issue involved in resolving the Motion's grounds under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is whether MMA's causes of action for breach of the contingency fee contracts in the hurricane cases constitute property of the estate. MMA argues that the attorneys' fees and costs under the contingency contracts are property of the estate under 11 U.S.C. § 541(a). The case law contradicts this argument and is controlling.

22. Bankruptcy courts in the Southern District of Texas and the Western District of Texas have held that proceeds of causes of action are not property of the estate until the plaintiff litigates

6

the claim, establishes liability, and obtains a judgment. *In re Caspri Corp.*, 2010 WL 743914, *2 fn. 6, *8 (Bankr. W.D. Tex. 2010); *In re Cano*, 410 B.R. 506, 553 (Bankr. S.D. Tex. 2009). The Plaintiff's claims all hinge on the allegation that the proceeds of settlements in the hurricane cases constitute property of the estate. That allegation is necessary for Plaintiff's claim for violation of the automatic stay under 11 U.S.C. § 362(a), its request for a declaratory judgment, and its claim for turnover of property of the estate. This also is jurisdictional. If there is no property of the estate involved, MMA does not have standing to bring its claims.

      ii.    **The Question is One Where There is Substantial Ground for Difference of Opinion.**

23. As described above, there is substantial ground for difference of opinion with the bankruptcy court's order denying the Motion. The case law is clear that proceeds of causes of action are not property of the estate until the claim is litigated and a judgment is obtained. MMA will no doubt argue that under the holding in *Brown v. Chesnut (In re Chesnut),* 422 F.3d 298, 303 (5th Cir. 2005), the attorneys' fees and costs are "arguable" property of the estate. However, *Chesnut* is distinguishable from this case. The Fifth Circuit in *Chesnut* dealt with a piece of real estate that was either property of the estate or not property of the estate depending on the determination of its character as separate property or community property. The property at issue in this case is the proceeds of causes of action for breach of contingency fee contracts. Whether the attorneys' fees and costs that would be the proceeds of those causes of action are property of the estate or not does not hinge on a characterization of the property. Proceeds of litigation claims are simply not property of the estate until the litigation claim is litigated successfully to judgment.

      iii.    **An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation.**

24. An immediate appeal on these issues will absolutely materially advance the ultimate

7

termination of the litigation. If Morris Bart is correct on the issues being appealed, MMA's claims will be dismissed with prejudice and there will be an immediate termination of the litigation. In such a case, the bankruptcy court and the parties will be spared conducting over 1,600 separate trials to determine if MMA is entitled to attorney's fees and costs on each of its contingency contracts, and if so, how much in the over 1,600 hurricane cases.

25. If leave to appeal is granted and the district court reverses the motion to transfer venue but denies the motion to dismiss, the bankruptcy court will still be spared trying over 1,600 trials on the attorney's fees in the 1,600 hurricane cases. The trials of the fee issues would be spread over the various judges in the Eastern, Middle, and Western Districts of Louisiana. Also, witnesses, including the Louisiana homeowners who are plaintiffs in the hurricane cases, who are necessary to trial of the fee issues and are residents of Louisiana will not be forced to travel to Houston, Texas to appear and testify. They would be able to attend trial in Louisiana where they reside.

## CONCLUSION

26. All three of the criteria for leave to appeal an interlocutory order are present in this case. The district court should grant leave to appeal.

WHEREFORE, PREMISES CONSIDERED, the Appellant, MORRIS BART, LLC, prays that this Court grant leave to appeal the bankruptcy court's order denying the motion to dismiss and motion to transfer.

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
    Matthew B. Probus
    (Attorney in Charge)
    Texas Bar No. 16341200

Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
Telephone: (713) 258-2700
Facsimile: (713) 258-2700
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR APPELLANT,
MORRIS BART, LLC*

-and-

OF COUNSEL:

FISHMAN HAYGOOD, L.L.P.

Tristan Manthey
Tex. Bar No. 24042731
Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-2520
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com

### CERTIFICATE OF CONFERENCE

I, Matthew Probus, hereby certify that on November 1, 2024, I conferred with counsel for the Plaintiff, Miriam Goott, about this motion, and she stated that the Plaintiff/Appellee opposes the motion.

*/s/ Matthew Probus*
Matthew Probus

### CERTIFICATE OF SERVICE

I, Matthew Probus, hereby certify that on November 1, 2024, a copy of the foregoing motion was served on all parties entitled to receive electronic notices via the Clerk of the Court through the ECF system.

*/s/ Matthew Probus*
Matthew Probus