United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-31596** |
| MMA LAW FIRM, PLLC, | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3127** |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT THAT
<u>DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE BE DENIED</u>**
*Resolving ECF No. 52*

Pending before the Court is a single matter self styed as "Defendant's Motion for Withdrawal of the Reference"[1] ("*Motion to Withdraw*") filed by Morris Bart, LLC ("*Bart*") on September 20, 2024.

For the reasons set forth *infra*, and as required by Federal Rule of Bankruptcy 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference remain with the instant Bankruptcy Court. If the Honorable United States District Court disagrees, this Court asks that the District Court withdraw the reference immediately, but that the District Court then refer the instant adversary proceeding to the undersigned judge for adjudication of the remaining pretrial matters, with the undersigned judge thereafter notifying the Honorable United States District Court when the dispute is ready to be tried.

---

[1] ECF No. 52.

## I. Procedural History

1. On June 24, 2024, MMA Law Firm, PPLC ("*MMA*" or "*Debtor*") initiated the instant adversary proceeding.[2]

2. On July 29, 2024, MMA filed its Amended Complaint (the "*Complaint*").[3]

3. On August 12, 2024, Bart filed its "Defendant's Motion To Dismiss First Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(1), (6), And (7) And Alternative Motion To Transfer Venue Pursuant To 28 U.S.C. §§ 1404(a) And 1412"[4] ("*Motion to Dismiss*").

4. On September 9, 2024, Bart filed "Defendant's Notice of Jury Demand"[5] (the "*Jury Demand*").

5. On September 9, 2024, Bart filed "Defendant Morris Bart, LLC's Non-Consent To Entry of Final Orders."[6]

6. On September 20, 2024, Bart filed the instant Motion to Withdraw.[7]

7. On October 4, 2024, MMA filed "Debtor's Motion To Strike Morris Bart, LLC's Jury Demand"[8] ("*Motion to Strike*").

8. On October 4, 2024, MMA filed "Debtor's Response To Defendant's Motion For Withdrawal Of The Reference."[9]

9. On October 23, 2024, Bart filed "Defendant's Response To Motion To Strike Jury Demand."[10]

10. On November 1, 2024, this Court issued its "Order Striking Jury Demand."[11]

11. On November 1, 2024, Bart Filed "Defendant's Original Answer to Plaintiff's Amended Complaint." (the "*Answer*").

---

[2] ECF No. 1.
[3] ECF No. 42.
[4] ECF No. 47.
[5] ECF No. 50.
[6] ECF No. 51.
[7] ECF No. 52.
[8] ECF No. 54.
[9] ECF No. 55.
[10] ECF No. 58.
[11] ECF No. 63.

## II. Analysis

### A. Bart is not entitled to a jury trial

Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9015 incorporates Federal Rule of Civil Procedure ("*Rule*") 38 regarding jury trials, "except that a demand made pursuant to Rule 38(b) . . . shall be filed in accordance with Rule 5005."[12] Under Rule 38(b)(1), "a party may demand a jury trial by serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served[,]"[13] otherwise, a party waives the right to a jury trial.[14] Generally, the answer is considered "the last pleading" under Rule 38(b)[15] but "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b)(1)."[16] Before Bart filed its Answer, it filed its Motion to Dismiss on August 12, 2024, which contained a demand for a jury trial.[17] Rule 7(a) provides an exhaustive list of pleadings, which does not include motions to dismiss and therefore, the Motion to Dismiss was not a pleading within the definitions used by the federal rules.[18] When Bart made its jury demand in its Motion to Dismiss, the deadline for Bart to file an answer, which would have been the last pleading directed to the jury issues, had not expired.[19] Bart thus made its

---

[12] FED. R. BANKR. P. 9015(a) (generally requiring filing papers with the court clerk).
[13] FED. R. CIV. P. 38(b)(1).
[14] FED. R. CIV. P. 38(d)
[15] *See, e.g., In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).
[16] *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984).
[17] ECF No. 47.
[18] *Dowell v. Bernhardt*, No. 3:19-cv-00105, 2019 U.S. Dist. LEXIS 218303, at *12-13 (M.D. Tenn. Dec. 19, 2019) (Rule 7(a) "does not include a motion to dismiss and therefore, a motion to dismiss is not a pleading.") (citing *Winget v. JPMorgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008); *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 754 n.13 (M.D.N.C. 2004) ("A motion to dismiss a complaint, however, is not considered a 'last pleading' directed to an issue triable by a jury.")
[19] *See Fredieui*, 783 F.2d at 653.

jury demand prior to service of the last pleading directed to the issues giving rise to a jury trial.[20] The jury demand was therefore timely.

The right to a jury trial in an adversary proceeding does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[21] Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights.[22] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding.[23] Actions for damages or money judgments are legal in nature, and a jury right attaches.[24] A jury right attaches even where a case involves both equitable and legal causes of action, regardless of whether equitable claims dominate: "[i]t would make no difference if the equitable causes of action clearly outweighed the legal causes of action so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." [25]

In its Complaint, MMA brings three causes of actions: (1) violation of the automatic stay by Bart (the "*Automatic Stay Violation Claim*"); (2) declaratory judgment pursuant to 11 U.S.C. § 541 affirming that MMA's interest in attorney fees pursuant to certain contingency fee contracts

---

[20] *Butler v. Prime Healthcare Centinela, LLC*, No. CV 19-1738 PA (SSx), 2019 U.S. Dist. LEXIS 140427, at *13-14 (C.D. Cal. May 10, 2019) ("At the time Plaintiff filed her separate jury demand, Defendant had filed two motions to dismiss but had not yet filed a responsive pleading. Plaintiff thus served the demand prior to service of the last pleading directed to the issues raised in her complaint.); *Vasquez v. Allied Waste, Inc.*, No. 4:13-CV-05608 YGR, 2014 U.S. Dist. LEXIS 38685, 2014 WL 1247417, at *1-2 (N.D. Cal. Mar. 24, 2014) ("Because the case was removed from state court before Defendant served its responsive pleading, . . . Rule 38 applies and Plaintiff could have timely demanded a jury trial up until fourteen days after 'the last pleading directed to the issue'—in this case, Defendant's answer. . . . A notice of removal is not a pleading and therefore does not trigger the Rule 38(b)(1) deadline."); *JJD Elec., LLC v. Sunpower Corp., Sys.*, No. 22-1275 (RBK/MJS), 2023 U.S. Dist. LEXIS 155096, at *14 (D.N.J. Sep. 1, 2023) ("'The 'last pleading' referred to by Rule 38 is generally the last answer filed in a case.' No answer has yet been filed in this case. Therefore, . . . Plaintiff will be permitted to add a jury demand to the complaint.").
[21] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[22] *See id.* at 53-54; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422–23 (5th Cir. 1998) (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. 636, 641–42 (Bankr. S.D. Tex. 2011).
[23] *See id.*
[24] *Dairy Queen v. Wood*, 369 U.S. 469, 476 (1962); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("awards of actual damages and profits . . . generally are thought to constitute legal relief.").
[25] *Duncan v. First Nat'l Bank of Cartersville Ga.*, 597 F.2d 51, 56 (5th Cir. 1979).

are property of the bankruptcy estate (the "*Declaratory Judgement Claim*"); and (3) turnover of such fees received by Bart, which MMA alleges are at least partly property of the estate, pursuant to § 542(a) (the "*Turnover Claim*") (collectively, the "*MMA Claims*").[26]

As to the Automatic Stay Violation Claim, "it is well established that an action to enforce the automatic stay under 11 U.S.C. § 362(a) does not give rise to a jury trial right."[27] A claim for attorney fees to enforce the automatic stay, although a monetary remedy, is equitable in nature and does not give rise to a jury trial right.[28] Therefore, there is no jury trial right for the Automatic Stay Violation Claim.

As to the Turnover Claim, "[m]ost courts agree that because a turnover action is equitable in nature and seeks an equitable remedy, there is no constitutional Seventh Amendment right to a jury trial when the turnover of estate property is sought."[29] Bart asserts that since the Turnover Claim seeks a monetary award, it is legal in nature.[30] However, the monetary nature of a remedy does not require a finding that an action is legal in nature.[31] "A turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing. It invokes the court's most basic equitable powers to gather and manage property of the estate."[32] Therefore, the Turnover Claim does not give rise to a jury trial right.

---

[26] ECF No. 42.
[27] *Windstream Holdings, Inc. v. Charter Communs. Inc.* (*In re Windstream Holdings, Inc.*), Nos. 19-22312 (RDD), 19-08246, 2020 Bankr. LEXIS 708, at *13 (Bankr. S.D.N.Y. Mar. 17, 2020)
[28] *See GACP Fin. Co., LLC v. Keystone Oilfield Fabrication LLC* (*In re BJ Servs., LLC*), Nos. 20-33627, 22-3107, 2023 Bankr. LEXIS 580, at *9 (Bankr. S.D. Tex. Mar. 6, 2023) (citing *Windstream Holdings, Inc. v. Charter Commc'ns, Inc.* (*In re Windstream Holdings, Inc.*), No. 19-22312 (RDD), 2020 Bankr. LEXIS 708, 2020 WL 1304147, at *5 n.9 (Bankr. S.D.N.Y. Mar. 17, 2020)).
[29] *Tow v. Park Lake Cmtys., LP*, No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *9 (S.D. Tex. Jan. 4, 2018) (citing 5-542 COLLIER ON BANKRUPTCY P 542.01 (16th ed. 2017).
[30] ECF No. 52 at 5.
[31] *Tow* No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *10.
[32] *Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009).

As to the Declaratory Judgement Claim, the Constitutional right to trial by jury cannot be made to depend upon the choice of words used in a pleading.[33] In determining whether a claim for declaratory judgment involves a demand in law or equity, the court must examine how the claim would have arisen had it not been raised in a declaratory judgment action.[34] Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues and the remedy sought.[35] The Declaratory Judgement Claim seeks a determination of the estate's interest in property, specifically the fees from contingency fee contracts, which is based on the equitable claim of a turnover action.[36]

In its Response, Bart asserts that MMA is asking this court to determine and award attorneys' fees for work done under contingent fee contracts, and that if MMA had not raised the claim in a declaratory judgement action, the claim would have been a claim for either breach of contract or quantum meruit, which are legal claims for money damages under Louisiana law and the Seventh Amendment.[37] However, MMA is not bringing a breach of contract claim, nor is it asking for money damages: it is merely asking this court to determine whether MMA's interest in the fees are property of the estate.[38] While property interests are created and defined by applicable non-bankruptcy law, whether a property interest is property of the estate depends on Congress's definition of property of the estate under 11 U.S.C. § 541.[39] "The sole fact that a bankruptcy court

---

[33] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-79, 82 S.Ct. 894, 899-90, 8 L.Ed.2d 44 (1962).
[34] *See Wallace v. Norman Indus., Inc.*, 467 F.2d 824, 827 (5th Cir. 1972).
[35] *TXI Operations, L.P. v. Klein*, 2000 U.S. Dist. LEXIS 15958, at *2 (E.D. La. 2000).
[36] "[A] turnover action is not a legal action for monetary damages, but an action to recover property belonging to the estate. The action sounds in equity. The Bankruptcy Court based this conclusion on recent precedent across other circuits." *See, e.g., Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009); *In re M & L Bus. Mach.* PLAINTIFF'S BRIEF Page - 3 Co., Inc., 59 F.3d 1078, 1082 (10th Cir. 1995). The Bankruptcy Court found that this weighed heavily against withdrawal. This court agrees. *Tow v. Park Lake Cmtys., LP*, No. H-17-3364, 2018 U.S. Dist. LEXIS 1720, at *8 (S.D. Tex. 2018).
[37] ECF No. 50; 52 at 4; ECF No. 58.
[38] ECF No. 42 at 9–10.
[39] *Deeba v. Pinkerton & Finn, P.C.* (*In re Macco Props.*), Nos. 10-16682-R, 10-16503-R, 12-1118-R, 2015 Bankr. LEXIS 4280, at *19 (Bankr. W.D. Okla. Dec. 11, 2015).

must interpret state law in order to carry out its statutory duties is irrelevant to the right to an Article III adjudication,"[40] or whether a right to a jury trial exists.[41] Thus, the declaratory relief here sounds in equity and there is no jury trial right behind the Declaratory Judgement Claim.

Accordingly, Bart is not entitled to a jury trial.

### B. This Court Recommends that the Honorable United States District Court Deny Defendants' Motion to Withdraw the Reference Under Both the Mandatory and Permissive Withdrawal Provision

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts.[42] Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown.[43] Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States that regulate organizations or activities that affect interstate commerce. There are two provisions for withdrawing the reference of cases to a bankruptcy court: mandatory and permissive withdrawals.[44] Under either provision, this Court recommends that Bart's Motion to Withdraw be denied.

#### a. Mandatory Withdrawal of the Reference is not Required

Pursuant to the Southern District General Order No. 2012-6, in accordance with § 157(a), bankruptcy cases and proceedings under Title 11 or arising in or related to a case under Title 11 of

---

[40] *Id.*
[41] *Reed v. Nathan*, 558 B.R. 800, 824 (E.D. Mich. 2016) (holding that a "bankruptcy litigant who has no 'right to a final judgment from an Article III judge' has no Seventh Amendment right to a jury trial").
[42] *See In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[43] 28 U.S.C. § 157(d).
[44] See 28 U.S.C. § 157(d).

the United States Code are automatically referred to the bankruptcy court.[45] Generally, when a defendant has a Seventh Amendment right to a jury trial and does not consent to a jury trial by the bankruptcy court, withdrawal of the reference is mandatory.[46] Mandatory withdrawal of the reference must be granted when: (1) the motion was timely filed; (2) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law; and (3) a non-Bankruptcy Code federal law at issue has more than a de minimis effect on interstate commerce.[47]

As discussed *supra*, the MMA Claims do not give rise to a jury trial right. Further, this proceeding concerns adjudication of whether property is property of the estate, turnover of such property to the estate, and the violation of the automatic stay as further discussed *infra*, which indicates that this proceeding does not involve a substantial and material question of non-Bankruptcy Code federal law.[48] Accordingly, mandatory withdrawal is not proper.

   b. **Permissive Withdrawal of the Reference**

In addition to mandatory withdrawal, § 157(d) also provides for permissive withdrawal "on [the Court's] own motion or on timely motion of any party, for cause shown."[49] The Fifth Circuit in *Holland* provides a list of six factors for a district court to consider in determining whether cause is shown for permissive withdrawal: whether "(1) the underlying lawsuit is a non-core proceeding;

---

[45] 28 U.S.C. § 157(a).
[46] *In re Clay*, 35 F.3d at 190; *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ("[In] *In re Clay* the Fifth Circuit held that there must be a withdrawal of the reference as to claims to which the right to trial by jury attach.") (emphasis added); *Levine v. Blake (In re Blake)*, Adv. Pro. No. 07-03469, 2008 WL 5043318 (Bankr. S.D. Tex. Sept. 22, 2008) (recommending withdrawal of reference where party was entitled to jury trial, because "[t]he Fifth Circuit holds that without consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial"), report and recommendation adopted, *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200 (S.D. Tex. 2008); *Mobley v. Quality Leasing and Rental Holdings, LLC*, (*In re Quality Leasing and Rental Holdings, LLC*), Adv. Pro. No. 14-6005, 2016 WL 416961 at *5 (Bankr. S.D. Tex. Feb. 1, 2006) (recommending withdrawal of reference involving both core and non-core claims because "[w]hen a party that is entitled to a jury trial properly requests a jury and does not consent to a jury trial before the bankruptcy court, the bankruptcy court must recommend that the adversary proceeding be withdrawn to the district court for the trial").
[47] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); *Benjamin v. United States*, Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).
[48] ECF No. 42.
[49] 28 U.S.C. § 157(d).

(2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial."[50] The party moving for withdrawal of the reference—Bart in this case—"bear the burden of establishing grounds for permissive withdrawal."[51]

1. **Core issues predominate the Complaint, weighing against withdrawal of the reference.**

First, this Court determines whether the MMA Claims are core or non-core. This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[52] The bankruptcy court has power to enter final orders and judgments if a matter is deemed to be a "core" proceeding.[53] A proceeding is "core" if it involves substantive rights provided by the Code or could arise only in the context of bankruptcy.[54] Conversely, a "non-core" proceeding is one that could "conceivably have any effect on the estate being administered in bankruptcy."[55]

When analyzing this factor, the District Court must consider how "[a] bankruptcy judge's authority . . . differs depending on whether the subject matter is 'core' or 'non-core.'"[56] Although

---

[50] *In re MPF Holding US LLC*, No. 10–03464, 2013 WL 12146958, at *1 (Bankr. S.D. Tex. Apr. 26, 2013) (citing *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).
[51] *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009). Moreover, cause "can exist only if premised upon a 'sound articulated foundation.'" *Vela v. Enron Oil & Gas Co.*, No. 02–5010, 2007 WL 1564562, at *2 (S.D. Tex. May 29, 2007) (quoting *Holland Am. Ins. Co.*, 777 F.2d at 998)).
[52] 28 U.S.C. § 157(a). *See, e.g., In re: Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012) (granting a standing order of referring all bankruptcy cases to the bankruptcy court).
[53] 28 U.S.C. § 157(b).
[54] *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).
[55] *Id.* at 93.
[56] 28 U.S.C. § 157(b)–(c).

non-core matters can be heard by the bankruptcy court, only a district court can enter "final order[s] and judgment[s]," without consent of the parties.[57] Notably, the core versus non-core factor is important within the permissive withdrawal analysis, but is not alone determinative.[58] Specifically, "[w]here core issues predominate and the objectives of the Bankruptcy Code will potentially be impaired, a district court should generally deny a motion to withdraw the reference and permit the bankruptcy court to retain jurisdiction."[59]

This proceeding concerns substantive rights provided by title 11.[60] If the majority of claims are non-core, then withdrawal of the reference is favored.[61] Here, the Declaratory Judgement Claim seeks a determination as to whether certain property is estate property, which is a core proceeding under 28 U.S.C. § 157(b)(2)(A).[62] The Automatic Stay Violation Claim can only be applicable to proceedings under title 11, which makes it a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(O).[63] The Turnover Claim seeks an order to turn over property of the estate which is a core proceeding under 28 U.S.C. § 157(b)(2)(A).[64] Thus, all of the MMA Claims are core matters. Accordingly, this first factor weighs against withdrawal of the reference.

2. **Uniformity in the bankruptcy administration is an issue because of this Court's level of involvement with the case, weighing against withdrawal of the reference.**

---

[57] *Id.* § 157(c)(1); *In re BP RE, L.P.*, 735 F.3d 279, 286 (5th Cir. 2013) (noting that in order to have constitutional authority to enter final judgments this Court must also determine whether the underlying issue (1) "stems from the bankruptcy itself," or (2) it "would necessarily be resolved in the claims allowance process.").
[58] *In re Morrison*, 409 B.R. at 392.
[59] *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 350 (S.D. Tex. 2009).
[60] ECF No. 42.
[61] *See Gecker v. Marathon Fin. Ins. Co., Inc., RRG*, 391 B.R. 613, 615 (N.D. Ill. 2008). *See In re Royce Homes, L.P.*, No. 09-32467-H4-7, 2011 Bankr. LEXIS 5795, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011) ("If the majority of claims are non-core, then withdrawal of the reference is favored.").
[62] *See, e.g., Manges v. Atlas (In re Duval Cty. Ranch Co.)*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994)('a proceeding to determine what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding under 28 U.S.C. § 157(b)(2)(A)') (internal citation omitted); *Nilhan Devs., LLC v. Glass (In re Nilhan Devs., LLC)*, 631 B.R. 507, 541 (Bankr. N.D. Ga. 2021)." *In re Royce Homes*, 652 B.R. 488, 496 (Bankr. S.D. Tex. 2023).
[63] 28 U.S.C. §§ 157(b)(1) and (b)(2)(O).
[64] 28 U.S.C. § 157(b)(2)(E).

Allowing a bankruptcy court familiar with the facts to "adjudicate the proceeding will promote uniformity in the bankruptcy administration."[65] This factor hinges on whether the bankruptcy court has become intimately familiar with the underlying facts, the parties, and the remaining issues.[66] If the bankruptcy court maintains an "intimate familiarity" with the case and has dedicated a large amount of time and resources to the adversary proceeding, this factor "weighs heavily in favor of denying" the withdrawal of the reference.[67] Conversely, this factor favors withdrawal when a motion to withdraw the reference is filed shortly after a complaint and the court has not reached a significant level of familiarity with the case.[68]

The underlying bankruptcy case has been pending since April 9, 2024 and has 391 docket entries reflecting many hearings and orders.[69] This Court has already dedicated time and resources in overseeing the pre-trial process of this adversary proceeding by reviewing evidence to rule on a preliminary injunction matter and a dispositive motion.[70] Given this Court's familiarity with the bankruptcy case involving MMA, this Court is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding.[71] Therefore, this factor weighs against withdrawal.

3. **There is an indication of forum shopping through the Motion to Withdraw, making this factor weigh against withdrawal of the reference**.

---

[65] *In re British America Properties III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007).
[66] *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 868 (Bankr. S.D. Tex. 2006).
[67] *Id.*
[68] *In re EbaseOne Corp.*, Nos. 01–31527–H4–7, 06–3197, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006).
[69] Bankr. ECF No. 1; 391. References to Debtor's main bankruptcy case No. 24-31596 will take the form of "Bankr. ECF No.__"
[70] ECF No. 56; 31.
[71] *Kenai Corp. v. Nat'l Union Fire Ins. Co.*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (finding that "[g]iven [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding").

Even if a party may be entitled to a jury trial, "a party cannot use the jury right as a tool for forum shopping."[72] If a party does not attempt to enforce their jury right "through an appropriate motion until after the parties and court have expended significant time and resources," then the party may render that right dormant.[73] A major consideration is whether there is an "appearance of forum shopping" by the party.[74] Bart bears the burden of demonstrating that this factor weighs in favor of withdrawal of the reference.[75]

Although asserting a jury trial right does not necessarily constitute forum shopping,[76] "[f]orum shopping may appear if the moving party has participated in the underlying bankruptcy case and unfavorable rulings have been made against it."[77] Here, the Court denied Bart's motion to modify the stay[78] and its motion to transfer the bankruptcy case to Louisiana.[79] Bart filed three appeals: one of the order granting a preliminary injunction against Bart,[80] one of the order denying the motion to modify the stay,[81] and one of the order denying the Motion to Dismiss.[82] The Court also denied Bart's motion to transfer this adversary proceeding to Louisiana.[83] These repeated attempts to evade this Court's jurisdiction after multiple adverse rulings by asserting a jury trial right is circumstantial evidence of forum shopping, especially because the Court does not find that

---

[72] *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 206 (S.D. Tex. 2008).
[73] *Id.*; *In re Blackwell*, 279 B.R. at 819–20 ("A party's failure to follow through with the relatively simple procedural steps required to assure that party that they will have their day in court before a jury of their peers ought similarly to be treated as a waiver of that right.").
[74] *Levine*, 400 B.R. at 206.
[75] *In re Morrison*, 409 B.R. 384, 394 (S.D. Tex. 2009).
[76] *See In Re British Am. Properties III.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007)
[77] *Curtis v. Law Office of Rogelio Solis PLLC* (*In re Josiahs Trucking, LLC*), Nos. 21-70009, 21-7002, 2021 Bankr. LEXIS 3643, at *16-17 (Bankr. S.D. Tex. May 13, 2021).
[78] Bankr. ECF No. 276.
[79] Bankr. ECF No. 284.
[80] ECF No. 33.
[81] Bankr. ECF No. 285.
[82] ECF No. 66.
[83] ECF No. 56.

Bart is entitled to a jury trial right as discussed *supra*. Therefore, this factor weighs against withdrawal of the reference.

   4. **This Court's familiarity with the case is such that economical use of the parties' resources and the resources of the judicial system weigh against withdrawal of the reference.**

"Bankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation."[84] Thus, "the bankruptcy court is typically in the best position to efficiently dispose of cases because of its specialty, experience, and familiarity with the underlying facts."[85] Where a jury demand exists, however, courts have found that the "immediate withdrawal of the reference will serve the interests of judicial economy" because it allows the District Court to familiarize itself with the case.[86] However, just because Congress designed the report and recommendation process to withdraw the reference does not mean that the reference should be withdrawn.[87] If it did, "the district courts would be inundated with adversary proceedings that raise both core and non-core claims."[88]

Retaining this case in this Court makes the most economical sense. This adversary proceeding involves only core claims arising under the Bankruptcy Code. This Court became intimately familiar with this case while it was pending in this Court for several months before Bart filed its Motion to Withdraw. Accordingly, this factor weighs against withdrawal of the reference.

   5. **The lack of a jury trial right weighs against withdrawal.**

---

[84] *In re MPF Holding US LLC*, 2013 WL 12146958, at *3.
[85] *Cirillo v. Valley Baptist Health Sys.* (*In re Cirillo*), Nos. 09-10324, 13-01002, 2014 Bankr. LEXIS 1353, at *26 (Bankr. S.D. Tex. Apr. 3, 2014).
[86] *In re MPF Holding US LLC*, No. 10–03464, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013).
[87] *See Lopez v. Portfolio Recovery Assocs., LLC* (*In re Lopez*), 2017 Bankr. LEXIS 2221, at *38 (Bankr. S.D. Tex. Mar. 20, 2017) (citing *Harris-Nutall v. Nationstar Mortg., LLC* (*In re Harris-Nutall*), 2016 Bankr. LEXIS 4623, at *24–25 (Bankr. N.D. Tex. May 19, 2016)).
[88] *Id.*

Bart asserts that the last two factors: whether the bankruptcy process will be expedited; and whether a party has demanded a jury trial weigh in favor of withdrawal because Bart has asserted its jury trial right.[89] However, as the court explained *supra*, Bart is not entitled to a jury trial in this adversary proceeding.

### III.   Conclusion

For the reasons set forth in this Court's Report and Recommendation, this Court recommends that Bart's Motion to Withdraw be denied and that this Court be permitted to retain the case and proceed to a final resolution on the merits. If the Honorable United States District Court disagrees, then this Court recommends that after withdrawing the reference, the District Court then refer the instant adversary proceeding to the undersigned judge for adjudication of the remaining pretrial matters, with the undersigned judge thereafter notifying the Honorable United States District Court when the dispute is ready to be tried.

SIGNED November 7, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[89] ECF No. 52 at 10.