IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Debtor, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4343 |
| | § | |
| MORRIS BART, LLC, | § | |
| | § | |
| Appellant. | § | |

## MEMORANDUM ORDER

Before the Court is Morris Bart LLC's ("Morris Bart" or "Appellant") *Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (6), and (7), and Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1404(a) and 1412* (the "Motion") filed in the underlying bankruptcy case. The Bankruptcy Court denied the Motion. Morris Bart then appealed the Bankruptcy Court's denial of the Motion to this Court. After a review of the filings, the applicable law, and the Bankruptcy Court's order, the Court AFFIRMS the denial of the Motion for the reasons below.

### I. The Bankruptcy Court did not abuse its discretion by denying Morris Bart's Motion to Transfer

This Court reviews the Bankruptcy Court's order denying the motion to transfer venue for abuse of discretion. When considering the Bankruptcy Court's venue ruling, this Court should consider: (1) whether the Bankruptcy Court properly construed and applied the relevant statutes; (2) whether the Bankruptcy Court considered the relevant factors incident to ruling upon a motion to transfer; and (3) whether the Bankruptcy Court abused its discretion in deciding the motion to

transfer. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

Morris Bart agrees with the Bankruptcy Court's conclusion that 28 U.S.C. § 1412 is the relevant statute to analyze the motion to transfer venue. The Bankruptcy Court cited the following factors to be considered under § 1412: (1) economics of estate administration; (2) presumption in favor of the "home court;" (3) judicial efficiency; (4) ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders, by those familiar with its laws; (6) enforceability of any judgment rendered; (7) plaintiff's original choice of forum; (8) location of the plaintiff and defendant; (9) ease of access to necessary proof; (10) convenience of witnesses; (11) availability of subpoena power for the unwilling witnesses; and (12) expense related to obtaining witnesses. *Campbell v. Williams*, No. 1:14-CV-097, 2015 WL 3657627, at *4 (S.D. Tex. June 12, 2015) (Hanen, J.).

Appellant argues that the Bankruptcy Court "agreed that it should follow these factors, but it did not do so." (Doc. No. 7 at 21). In substance, however, Morris Bart seems to take issue with the Bankruptcy Court's application of the factors rather than any purported failure to "follow" the factors. Morris Bart asks this Court to find that the Bankruptcy Court abused its discretion for six reasons: (1) MMA's alleged forum shopping "to escape the Louisiana federal courts that were familiar with MMA's history of unlawful and unethical conduct outweighs the 'home court' consideration" under factor two; (2) "[j]udicial economy weighs in favor of transfer of venue to the Eastern District of Louisiana" under factor three; (3) "Louisiana courts can enforce a judgment entered against Morris Bart more efficiently and economically than a Texas court" under factor six; (4) Morris Bart is based in Louisiana and MMA previously had offices in Louisiana, requiring a finding that factor seven weighs in favor of transfer; (5) "[t]he accessibility of documents and

availability of witnesses favor transfer" under factor eight; and (6) "Louisiana's interest in having this fee dispute determined within its borders favors transfer to the Eastern District of Louisiana" under factor five. (Doc. No. 7).

After considering the Bankruptcy Court's order and the applicable law, the Court finds that the Bankruptcy Court construed and applied the relevant statutes, considered the relevant factors, and did not abuse its discretion by denying Morris Bart's motion to transfer venue.

## II. The Bankruptcy Court did not err in denying Morris Bart's Motion to Dismiss

Morris Bart's second issue on appeal is whether the Bankruptcy Court erred in denying its motion to dismiss brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court reviews the Bankruptcy Court's order denying the motion to dismiss *de novo*.

Some context is required to color Appellant's arguments. MMA is a litigation law firm that sought to represent storm victims with property damage claims against their insurance companies (the "Former MMA Clients"). MMA contends that it filed thousands of lawsuits in Louisiana on behalf of the Former MMA Clients. MMA alleges that it has valid contingency fee agreements with each of the Former MMA Clients, which entitles MMA to a contingency fee, interest, and reimbursement of expenses. In March 2023, a District Court in Louisiana suspended the law licenses of MMA's former attorneys who managed MMA's New Orleans office. Following the suspension, Morris Bart took over 1,524 of the cases MMA filed on behalf of the Former MMA Clients. MMA filed its Chapter 11 bankruptcy petition in April of 2024.

After MMA had filed for bankruptcy, Morris Bart filed a motion for release of the settlement proceeds in three of the cases it took from MMA. In those motions, Morris Bart asked the Louisiana court to order the insurance companies to exclude MMA's name from the settlement

checks. Consequently, MMA initiated an adversary proceeding against Morris Bart in June 2024. MMA alleges that Morris Bart violated the automatic stay by filing the three motions to exclude.[1]

### A. Morris Bart's 12(b)(6) Motion

Morris Bart acknowledges that the Bankruptcy Court correctly cited the three elements required to show a willful violation of the automatic stay: "(1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005). Appellant, however, argues that the Bankruptcy Court erred because MMA has not pleaded facts with any specificity that would support a claim upon which relief may be granted. Morris Bart contends that the claim must be dismissed as a matter of law because "the only property of the estate is MMA's causes of action against its former clients for recovery of a portion of the contingency fee under its fee agreement." (Doc. No. 7 at 36).

As an initial note, MMA's Complaint contains eleven pages of specific facts as to how Morris Bart allegedly knew of the existence of the stay and carried out intentional acts that violated the stay. *See* (ROA.002323–2333). The allegations are not "broad, skeletal and conclusory" as Morris Bart contends. (Doc. No. 7 at 25). Instead, MMA points to specific acts by Morris Bart that MMA alleges violated the automatic stay.

As for Appellant's argument that MMA's claim must be dismissed as a matter of law, MMA was not required to prove at the motion to dismiss stage that the settlement proceeds are property of the state to demonstrate a plausible cause of action for willful violation of the automatic stay. In *Chesnut*, the Fifth Circuit held that "arguable property" of the estate, i.e. when the status

---

[1] MMA's Complaint asserted three claims against Morris Bart: (1) violation of the automatic stay; (2) a request for declaratory judgment; and (3) turnover of estate property. Though the Bankruptcy Court denied the Motion as to all three claims, Morris Bart appealed only the Bankruptcy Court's decision to deny the Motion as to the claim for violation of the automatic stay.

of the property as part of the estate is uncertain or ambiguous, is protected by the automatic stay. *In re Chesnut*, 422 F.3d at 303. This Court has already determined that it is uncertain "whether, or to what extent, MMA is entitled to any fees." (Case No. 4:24-cv-4446, Doc. No. 5 at 6).

As such, MMA's Complaint pleads sufficient facts to show that the amount of fees, rather than just the claim to some portion of the fees, is "arguable property" protected by the automatic stay. Accordingly, the Bankruptcy Court did not err by denying Morris Bart's 12(b)(6) motion.

### B. Morris Bart's 12(b)(1) Motion

Appellant also contends that the Bankruptcy Court erred in denying the Motion because MMA did not have standing to bring its claim for violation of the automatic stay. (Doc. No. 7 at 36). Constitutional standing, of course, requires a showing of three elements: (1) the plaintiff must have suffered an "injury in fact," which requires a an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained of that is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Morris Bart argues that MMA does not have standing because MMA cannot satisfy element one—that it has suffered a "concrete and particularized" injury. Appellant maintains that this is so based upon its contention that the settlement proceeds are not property of the estate. (*Id.* at 39). Thus, Appellant concludes that Morris Bart's actions did not cause any "concrete and particularized" injury to MMA because the act of filing the motion "was not an act to obtain possession or control over property of the estate." (*Id.*).

As this Court has already found that the settlement proceeds are "arguable property" of the estate, it is only logical that Morris Bart's actions may have caused MMA to suffer an injury in fact. As such, MMA surely has standing to pursue its claim against Morris Bart for its alleged violation of the automatic stay. The Bankruptcy Court did not err in finding the same.

### III. Conclusion

For the foregoing reasons, the Court AFFIRMS the decisions of the Bankruptcy Court.

SIGNED on this 29th day of July, 2025.

_____
Andrew S. Hanen
United States District Judge