IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 24-31596 | |
| MMA LAW FIRM, PLLC § | Chapter 7 | |
| § | | |
| DEBTOR | | |
| § | | |
| MMA LAW FIRM, PLLC § | | |
| § | ADVERSARY NO. 24-3127 | |
| PLAINTIFF § | | |
| § | | |
| V. § | | |
| § | | |
| MORRIS BART, LLC § | | |
| § | | |
| DEFENDANT § | | |

**JOINT REPORT OF THE MEETING & DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule26(f) was held and identify the counsel who attended for each party.

On August 19, 2025, Miriam Goott, counsel for the Debtor had a conference call with Matt Probus and Rebekka Veith, counsel for Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

- Chapter 11 Bankruptcy Case pending in the Southern District of Texas, Houston Division - Case No. 24-31596.

- Appeal of Preliminary Injunction pending in U.S. District Court, Southern District of Texas, Houston Division – Civil Action No. 24-cv-2793.

3. Briefly describe what this case is about.

**Debtor's Response:** The Debtor has brought three causes of action against the Defendant: 1) violation of the automatic stay; 2) declaratory judgment pursuant to Section 541 affirming that MMA's interest in the attorney's fees and costs in its cases are property of the estate; and 3) turnover of settlement proceeds that Morris Bart received.

1

**Defendant's Response:** The Debtor is seeking an award of attorney's fees and costs under contingency fee agreements for work in over 1,600 separate hurricane damage lawsuits. A determination of these fee disputes under each contract is necessary as a precursor to a determination of the causes of action the Debtor has pleaded in the complaint.

4. Specify the allegation of federal jurisdiction.

**Debtor's Response:** The Bankruptcy Court holds jurisdiction pursuant to 28 U.S.C. §1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under Title 11 or arising in or related to cases under Title 11." An adversary proceeding falls within the court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over. Furthermore, this Court may only hear a case in which venue is proper. Pursuant to § 1409(a), "a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending." Debtor's underlying Chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

**Defendant's Response:** While the Defendant does not dispute that there is federal jurisdiction over an adversary proceeding, the Defendant asserted a motion to dismiss the Plaintiff's claims for lack of standing and a motion to transfer venue of this suit. Though that Motion was denied, the Defendant reserves its right to object to jurisdiction on that basis. Additionally, the Defendant contends that it has a right to trial by jury. The bankruptcy court cannot try a case to a jury unless all parties consent, and Defendant does not consent. Therefore, the district court was correct in withdrawing the reference from the bankruptcy court.

5. List anticipated intervenors or additional parties that should be included, when they can be added, and by whom they are wanted.

**Debtor's Response:** None at this time. The Debtor asserts that former clients are not parties to this litigation and should not be added.

**Defendant's Response:** The Defendant contends that the former clients of the Plaintiff under the contingency fee contracts are necessary parties and should be added.

6. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Parties Response:** The Parties have already made initial disclosures.

7. Describe the proposed agreed discovery plan, including:

   a. State the date the planned discovery can reasonably be completed.
      i. The Parties agree that discovery can be completed by January 15, 2026.
   b. Designation of Experts.
      i. The Parties agree that experts will be designated within 30 days of the entry of the Court's Scheduling Order and expert reports are due by February 1, 2026.
      ii. Expert discovery shall close on March 15, 2026.
   c. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 (f) meeting.
      i. Debtor's Response: The Debtor is open to mediation and resolution.
      ii. Defendant's Response: The Defendant is open to resolution; however, the parties have already attempted mediation with Sylvia Mayer, and that mediation was unsuccessful. The Defendant does not believe there is a reasonable possibility of a prompt settlement or resolution.
   d. Estimate the number of hours it will take to present the evidence in this case.
      i. Debtor's Response: The Plaintiff estimates that it will take 3 to 5 days to present evidence in this case.

    ii. Defendant's Response: Defendant estimates that it will take a month to present evidence in this case due to the fact that there are well over 1,000 separate hurricane cases to try and evidence must be presented in support of attorney's fees and costs for each case separately. The time it will take to try the case will depend on how the district judge decides to try to claims. On July 24, 2025, Judge Hanen held a telephonic status conference to discuss this very issue. Judge Hanen asked the parties to continue thinking about how the case would be tried, what the jury charge would look like, and which issues would be put to the jury and which to the court, if any.

e. Any agreements regarding production of electronic discovery.

    i. The Parties agree to produce all documents in electronic format.

f. Deadline for Dispositive Motions:

    i. The parties believe that a reasonable deadline for dispositive motions is 30 days after the close of discovery.

g. List the names, bar numbers, addresses and telephone numbers of all counsel.

FOR PLAINTIFF:

Miriam Goott
SBN 24048846
Johnie Patterson
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577 telephone
(713) 956-5570 fax
jjp@walkerandpatterson.com
mgoott@walkerandpatteson.com

FOR DEFENDANT:

Matthew B. Probus
State Bar No. 16341200
The Probus Law Firm
matthewprobus@theprobuslawfirm.com
10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

Tristan Manthey
Tex. Bar No. 24042731

Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
Fishman Haygood, L.L.P.
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com

Dated**:** August 20, 2025

**RESPECTFULLY SUBMITTED,**

*/s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
Walker & Patterson, PC
4815 Dacoma
Houston, TX 77092
mgoott@walkerandpatterson.com
713-956-5577 (telephone)
**COUNSEL FOR THE DEBTOR**


THE PROBUS LAW FIRM

By: */s/ Matthew B. Probus*
Matthew B. Probus
State Bar No. 16341200
matthewprobus@theprobuslawfirm.com
10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

FISHMAN HAYGOOD, L.L.P.

Tristan Manthey
Tex. Bar No. 24042731
Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
201 St. Charles Avenue, Suite 4600

New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com

**COUNSEL FOR DEFENDANT,
MORRIS BART, LLC**