IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MMA LAW FIRM, PLLC, | § § | CASE NO: 24-31596 |
| | § | (Chapter 11) |
| Debtor. | § | |
| MMA LAW FIRM, PLLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | Adv. Pro. No. 24-3127 |
| MORRIS BART, LLC, | § § | JURY DEMANDED |
| Defendant. | § § | |

**DEFENDANT'S <span style="color:red">UNOPPOSED EXPEDITED</span> MOTION FOR RESET HEARING DATE**
**[Ref. Dkt. No. 132]**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED CONSIDERATION HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EXPEDITED RELIEF IS NEEDED BY OCTOBER 13, 2025.**

1

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF BANKRUPTCY JUDGE:

COMES NOW, MORRIS BART, LLC (the "Defendant"), and makes this Defendant's Unopposed Expedited Motion for Reset Hearing Date as follows:

### I.

### **RELIEF REQUESTED AND NEED FOR EXPEDITED CONSIDERATION**

1. The Defendant seeks a reset hearing date for the show cause hearing now set for November 5, 2025, at 1:30 p.m. The Plaintiff does not oppose a reset hearing date so long as it is set for after the Thanksgiving holiday. The Defendant is requesting expedited relief by October 13, 2025, for the Defendant to arrange alternative counsel to attend the show cause hearing. On September 25, 2025, Defendant's counsel Rebekka Veith gave birth via cesarean section. Because of the surgical delivery, she will not be cleared to travel until, at the earliest, November 18, 2025. Matthew Probus will be out of the country on November 5, 2025, and will not be back until November 17, 2025. The 23-day notice period will not end until October 29, 2025, which is the week prior to the now scheduled hearing date of November 5, 2025. If this Court does not grant this motion and reset the hearing to a date after the Thanksgiving holiday, the Defendant will need time to bring alternative counsel up to speed on the issues involved in this matter.

2. The motion is unopposed. Plaintiff's counsel Miriam Goott stated "We will agree to a continuation to accommodate Rebecca. Please request that it occur after thanksgiving holidays and in Houston. Thank you." Thus, there is no need for a response period.

II.

**JURISDICTION**

3. The district court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b). The district court has withdrawn the reference over this adversary because the case will be tried to a jury. The district court has referred pretrial matters to this bankruptcy court.

III.

**BACKGROUND**

4. On October 1, 2025, the Plaintiff filed its Motion for an Order to Show Cause Morris Bart, LLC and Additional Relief Under 11 U.S. C. §105(a) to Halt Morris Bart's Repeated Forum Shopping and Abuse of Process (the "Show Cause Motion") (Dkt. No. 130).

5. On October 3, 2025, this Court entered its Order Setting In-Person Hearing (the "Show Cause Order") (Dkt. No. 132). In the Show Cause Order, the Court ordered the Defendant, by and through its representative, and Mr. Morris Bart, III, to appear in person before the Court and "show cause why they should not be held in contempt or otherwise sanctioned for violating this Court's Injunction Order entered on July 15, 2024 relating to the *Ex Parte* Order issued by Magistrate Judge North (the "*Foskey Order*") in the *Civil Action No. 23-5316,* Shery Foskey, et al. v American Modern Property And Casualty Insurance Company (the "*Foskey Case*") and sanctioned. . . " (footnotes omitted). The Show Cause Order further provides that the Defendant, Mr. Morris Bart III, and their counsel must appear in person and cannot appear electronically.

6. On September 25, 2025, Defendant's counsel Ms. Veith gave birth via cesarean section. Because of the surgical delivery, she will not be cleared to travel until, at the earliest, November 18, 2025.

3

7. Matthew Probus will be out of the country on November 5, 2025, and will not be back until November 17, 2025. He will be in Thailand on a pre-paid vacation celebrating his wedding anniversary. He leaves on October 30, 2025, and returns on November 16, 2025. On November 5, 2025, he will be in Chiang Rai, Thailand staying in a remote jungle location with limited access to the internet.

8. Counsel for Plaintiff have stated that they are unopposed so long as the Court resets the Show Cause Hearing for a date after the Thanksgiving holiday and in Houston.

## IV.

## ARGUMENT AND AUTHORITIES

9. This Court has the power to continue and reset the Show Cause Hearing for cause shown if the motion requesting the continuance is filed within the time period and within three business days before the hearing. Fed. R. Bankr. P. 9006(b)(1); Judge Rodriguez Local Procedure IV.b. There is good cause to reset the hearing date. Neither of the Defendant's primary counsel will be able to attend the Show Cause Hearing on November 5, 2025.

10. Aside from the Court's order requiring Defendant's counsel to appear in-person, the importance of a contempt hearing to the Defendant and Mr. Bart requires the presence of Ms. Veith and Mr. Probus, as they were the counsel handling this case when the mediation occurred and when Judge North issued his order that is the subject of this Show Cause Hearing. They are also the counsel who have drafted and filed all the pleadings the Plaintiff complains about in its Show Cause Motion. Their presence in person at the Show Cause Hearing is critical to the Defendant and Mr. Bart having the representation and due process that a contempt hearing requires.

WHEREFORE, PREMISES CONSIDERED, the Defendant, MORRIS BART, LLC, respectfully requests that this Court grant this unopposed motion and reset the Show Cause Hearing to a date after the Thanksgiving holiday.

DATED: October 6, 2025

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
    **Matthew B. Probus**
    Attorney in Charge
    State Bar No. 16341200
    Fed. I.D. No. 10915
    matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

**FISHMAN HAYGOOD, L.L.P.**

Tristan Manthey
Tex. Bar No. 24042731
Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
Monica L. Bergeron, *pro hac vice*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com
mbergeron@fishmanhaygood.com

*COUNSEL FOR DEFENDANT,
MORRIS BART, LLC*

4064494v1

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 3, 2025, I conferred with Miriam Goot regarding this motion, and she stated that the Plaintiff is unopposed as long as this Court continues the hearing to a date that is after the Thanksgiving holiday and in Houston.

      /s/ Matthew B. Probus
      Matthew B. Probus

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, a true and correct copy of the foregoing has been served on all parties electronically via the CM/ECF filing system.

      /s/ Matthew B. Probus
      Matthew B. Probus

4064494v1