**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: : | Chapter 11 |
| MMA LAW FIRM, PLLC, : | Case No. 24-31596 |
| Debtor. : | |
| : | |
| MMA LAW FIRM, PLLC, : | |
| Plaintiff, : | Adv. Pro. No. 24-3127 |
| v. : | |
| MORRIS BART, LLC, : | |
| Defendant. : | |

## MOTION TO QUASH SUBPOENA

NOW INTO COURT, through undersigned counsel, comes Tessa Vorhaben, who moves to quash the subpoena purported to be served by the plaintiff, MMA Law Firm, PLLC (the "**Plaintiff**") on Vorhaben. For the reasons stated herein, Vorhaben urges this Court to quash the subpoena.

### Factual Background

1.      On Monday, November 10, 2025, by email sent at 4:42 p.m., Vorhaben received the attached subpoena (the "**Subpoena**"), which seeks her appearance to testify at a hearing scheduled before this Court for Friday, November 14, 2025, at 10:00 a.m. (the "**Hearing**").  A copy of the Subpoena is attached hereto as Exhibit 1.

2.      Vorhaben is an attorney, licensed to practice in the State of Louisiana and resides in New Orleans, Louisiana. Vorhaben is neither a party nor an attorney to any party in the captioned bankruptcy case and adversary proceeding.

### The Subpoena Should Be Quashed

3.      While Federal Rule of Bankruptcy Procedure[1] 7004(d) provides for nationwide service on a summons and company and all other process, the rule specifically excepts out the service of a subpoena. Fed. R. Bankr. Proc. 7004(d) (stating that "A summons and complaint (and all other process, except a subpoena) may be served anywhere within the United States").

4.      Moreover, even if nationwide service of a subpoena was allowed by Bankruptcy Rule 7004(d), which it is not, Bankruptcy Rule 7004 makes clear that the means of service do not include the use of electronic mail. *See* Fed. R. Bankr. Proc. 7004(b) (stating that, "in addition to the methods of service authorized by Fed. R. Civ. P. 4(e)–(j), a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States").

5.      As of the date of this filing, service has not been made on Vorhaben by any means than the email described herein. As a result, Plaintiff has failed to properly serve Vorhaben with the Subpoena, and it should be quashed.

6.      Federal Rule of Civil Procedure[2] 45(c)(1), incorporated herein through Bankruptcy Rule 9016, provides that:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

---

[1] Hereinafter, the Federal Rules of Bankruptcy Procedure will be referred to as the "**Bankruptcy Rules**."
[2] Hereinafter, the Federal Rules of Civil Procedure will be referred to as the "**Rules**."

Fed. R. Civ. P. 45(c)(1).

7.      As set forth herein, Vorhaben resides in New Orleans, Louisiana, which is more than 100 miles from the location of the Hearing, which will be held in Houston, Texas.  Moreover, Vorhaben is a non-party to the captioned matter and is not otherwise available to attend the Hearing due to a prior commitment.

8.      Rule 45(d)(3), incorporated herein through Bankruptcy Rule 9016, provides that:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

9.      Here, the Subpoena, which was sent by email on Monday afternoon, demands the appearance of Vorhaben at the Hearing less than four business days later on Friday morning.  This time frame is unreasonable, especially for a non-party to the litigation at issue.  Moreover, the Hearing is being held more than 100 miles from where Vorhaben resides, which is outside of the geographical limits set out in Rule 45.  Additionally, while no information was provided by Plaintiff regarding possible topics of her testimony at the Hearing, as detailed below, upon information and belief, the testimony that Plaintiff seeks to elicit from Vorhaben involves matters covered by attorney-client privilege, work product privilege, confidentiality rules and possibly other types of privilege.  Therefore, the Subpoena seeks testimony that is otherwise privileged and/or protected and no exception or waiver applies.  For these reasons, pursuant to Rule 45(d)(3), incorporated herein through Bankruptcy Rule 9016, the Court must quash the Subpoena.

10.      Upon information and belief, Plaintiff seeks to have Vorhaben testify at the Hearing regarding matters involving an unrelated lawsuit entitled *Sherry Foskey, et al. v. American Modern*

PERSONAL\326954003.v2

*Property and Casualty Insurance Company*, filed in the United States District Court for the Eastern District of Louisiana, which was assigned Civil Action No. 23-5316 (the "**Louisiana Lawsuit**").

11.     Vorhaben asserts that attorney-client privilege, work product privilege and Rule 1.6 of the Louisiana Rules of Professional Conduct[3] prohibit her from testifying on matters involving the representation of her client in the Louisiana Lawsuit, and her client has not waived such privilege.  Moreover, because the subject of the questioning at the Hearing is unknown, there may be other privileges that prevent Vorhaben from testifying at the Hearing including, among other things, mediation privilege.  Based on this, it is clear that the Subpoena imposes an  undue burden on Vorhaben and, as a result, must be quashed.

12.     For the reasons set forth herein, the Subpoena fails to meet the requirements of Rule 45, incorporated herein through Bankruptcy Rule 9016, and Bankruptcy Rule 7004.  According, Vorhaben respectfully requests that this Court quash the Subpoena, thereby releasing her from appearing at the Hearing.

WHEREFORE, Vorhaben respectfully requests that this Court: (1) grant this motion and quash the Subpoena issued by Plaintiff and release Vorhaben from any appearance at the Hearing; and (2) grant Vorhaben such other relief as is just and equitable.

---

[3] Rule 1.6. of the Louisiana Rules of Professional Conduct, entitled "Confidentiality of Information" states that:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> …
> (c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

La. Rules of Prof'l Conduct. R. 1.6 (2015).

4

November 11, 2025

Respectfully Submitted:


_/s/  Stephen P. Strohschein_
Stephen P. Strohschein
Texas Bar Roll 24120608
**HINSHAW & CULBERTSON LLP**
400 Convention Street, Ste. 1001
Baton Rouge, Louisiana  70802
Telephone:  (225) 333-3250
Facsimile:   (312) 704-3001
Email:  sstrohschein@hinshawlaw.com

ATTORNEY FOR TESSA VORHABEN


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of November, 2025, a copy of the Motion to

Quash was served by operation of the CM/ECF filing system, to those parties listed below:

**Miriam Goott**
Email: mgoott@walkerandpatterson.com

**Johnie J Patterson**
Email: jjp@walkerandpatterson.com

**Monica Leigh Bergeron**
Email: mbergeron@fishmanhaygood.com

**Tristan E Manthey**
Email: tmanthey@fishmanhaygood.com

**Kerry James Miller**
Email: kmiller@fishmanhaygood.com

**Cherie Dessauer Nobles**
Email: cnobles@fishmanhaygood.com

**Matthew Brian Probus**
Email: matthewprobus@theprobuslawfirm.com

PERSONAL\326954003.v2

**Rebekka C Veith**
Email: rveith@fishmanhaygood.com

/s/  Stephen P. Strohschein

Stephen P. Strohschein