United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 12, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MMA LAW FIRM, PLLC, | § § | CASE NO: 24-31596 |
| Debtor. | § § § | CHAPTER 11 |
| MMA LAW FIRM, PLLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § § | ADVERSARY NO. 24-3127 |
| MORRIS BART, LLC, | § § § | |
| Defendant. | § | |

## ORDER
*Resolving ECF Nos. 172, and 174*

Pending before the Court are two matters self-styled as "Motion To Quash Subpoena" [ECF No. 172] ("*Motion to Quash")* and "MMA Law Firm, PLLC's Emergency Motion To Compel Remote Attendance And Testimony Of Tessa Vorhaben at November 14, 2025 Hearing" [ECF No. 174] ("*Motion to Compel*"). On November 12, 2025, the Court held a hearing and after considering the pleadings on file, arguments of counsel, evidence in the record, applicable law and for the reasons stated on the record the Court now issues the instant Order.

Rule 43(a) of the Federal Rules of Civil Procedure provides, in part, that although it is preferred for trial testimony to be in open court, testimony "by contemporaneous transmission from a different location"[1] is acceptable. Here, good cause exists to compel Ms. Tessa Vorhaben ("*Ms. Vorhaben*") to testify remotely because: (i) Ms. Vorhaben is a key witness with firsthand knowledge of the Foskey mediation, and her testimony is central to resolving disputes regarding whether the information contained within Debtor's Motion to Compel actually occurred during mediation and is confidential; (ii) testimony *via* remote video will cause no prejudice to Ms.

---

[1] FED. R. CIV. P. 43(a) ("(a) IN OPEN COURT. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence , these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

Vorhaben or any party and preserves the efficiency and integrity of the proceedings; (iii) allowing remote testimony accommodates Ms. Vorhaben's out-of-state residence while ensuring the Court receives necessary evidence; (iv) and the interests of justice and the efficient resolution of this case outweigh any minimal inconvenience to Ms. Vorhaben.[2]

Additionally, the Court finds that Ms. Vorhaben has not shown that the information Debtor seeks through the Notice of Subpoena to Tessa Vorhaben[3] is protected by any privilege or other rule of confidentiality. Specifically, Debtor seeks testimony limited to Ms. Vorhaben's knowledge of any communications between a Morris Bart attorney (on behalf of Ms. Sherry Foskey), Ms. Vorhaben (on behalf of a defendant insurance company), and Magistrate Judge Michael North. Ms. Vorhaben has not demonstrated how such testimony would violate any privilege or confidentiality protection. Finally, Ms. Vorhaben provided no witness testimony or any form of evidence in support of her Motion to Quash.

Accordingly, it is therefore:

**ORDERED:** that

1. The Motion to Quash Subpoena, [ECF No. 172] is DENIED.

2. "MMA Law Firm, PLLC's Emergency Motion To Compel Remote Attendance And Testimony Of Tessa Vorhaben at November 14, 2025 Hearing" [ECF No. 174] is GRANTED.

3. Tessa Vorhaben must appear remotely and testify at the electronic hearing on MMA Law Firm, PLLC's Emergency Motion to Compel Production from Morris Bart, LLC, ECF No. 138 on **November 14, 2025 at 10:00 a.m. (Central Standard Time).**

4. To participate remotely, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

5. Except as authorized herein, no person other than Tessa Vorhaben and designated technical

---

[2] *See In re Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 195409, at *17 (N.D. Tex. Sep. 20, 2016) (finding good cause to compel remote testimony of party that resides more than 100 miles from location of in-person hearing).
[3] ECF No. 161.

   support personnel may be physically present in the room with Tessa Vorhaben during testimony. If any person is present, their identity and role must be disclosed on the record and visible to the camera.

6. Tessa Vorhaben must testify from a quiet, private room, seated at a desk or table, with the camera positioned to show Tessa Vorhaben's face, hands, and immediate surroundings. Tessa Vorhaben must not use virtual backgrounds.

7. Tessa Vorhaben must have no unrelated devices, notes, papers, or electronic communications available during testimony, except exhibits or materials expressly authorized by the Court. Tessa Vorhaben must not communicate with any person about the substance of testimony during examination, except with counsel as permitted by the Court and on the record.

8. During examination, exhibits must be displayed to Tessa Vorhaben and the Court using the platform's share function or document camera, ensuring all participants can view the same material simultaneously.

9. The official record shall be created by the Court's designated electronic recording officer. No party or participant may independently record, photograph, or stream the proceedings without prior leave of Court.

10. The Court retains discretion to modify these procedures, terminate remote testimony, or require in-person testimony if circumstances change or if appropriate safeguards cannot be maintained.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

   **SIGNED November 12, 2025**

                                              _____
                                              **Eduardo V. Rodriguez**
                                              **Chief United States Bankruptcy Judge**